IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE HANOVER INSURANCE COMPANY**, a New Hampshire Company,<br><br>             Plaintiff,<br><br>   v.<br><br>**MID-WEST OIL, CO., INC.**, an Indiana Corporation, **IRFAN BHAGAT**, and **MOHAMMED AHMED**,<br><br>             Defendants. | Case No. 21 C 886<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff, The Hanover Insurance Company, moves for summary judgment against all Defendants on Counts I and III. (Dkt. No. 18.) For the reasons stated herein, the Court grants the Motion.

### I. BACKGROUND

Under Illinois law, motor fuel distributors who wish to operate within state borders must first secure a license. 35 ILCS 505/3. As part of the process, the aspiring distributor must file a bond with the Department of Revenue of the State of Illinois issued by one or more sureties who have agreed to compensate the State if the applicant's taxes related to its motor fuel activities go unpaid. *Id.*; 35 ILCS 505/1.7. For each applicant, the Department

fixes the bond penalty, *i.e.,* the amount that the surety or sureties must pay if the applicant is in default. *Id.* 505/3.

In late 2019, Defendant Mid-West Oil, Co., Inc., an Indiana Corporation, applied for an Illinois motor fuel distributor license. Mid-West contracted with Plaintiff, The Hanover Insurance Company, a New Hampshire company, to issue the necessary bond. (Plaintiff's Statement of Facts ("SOF") ¶ 1, Dkt. No. 14; Answer ¶¶ 1-2, Dkt. No. 12.) The Department fixed the penalty under the bond at $494,200.00. (Answer ¶ 8.) Hanover's bond was made under the condition that Mid-West Oil execute a General Agreement of Indemnity (the "Agreement"). (*Id.* ¶ 10.) The Court highlights four provisions of the Agreement. First, Mid-West Oil agreed to indemnify and exonerate Hanover from any losses in connection with bond. (*Id.* ¶ 11.) Second, the parties agreed that Hanover holds the exclusive right to "adjust, settle, or compromise any claims, demand, suit or other proceeding" arising from the bond. (*Id.* ¶ 13.) Third, Mid-West Oil's failure to indemnify entitled Hanover to specific performance. (*Id.* ¶ 15.) Finally, Mid-West Oil agreed to deposit collateral sufficient to cover Hanover's exposure upon demand. (*Id.* ¶ 16.)

Irfan Bhagat and Mohammed Ahmed, citizens of the State of Illinois, signed the Agreement as authorized representatives of Mid-West Oil. (*Id.* ¶¶ 3-4; Agreement at 6-7, SOF, Ex. 3, Dkt.

No. 14-1.) On September 2, 2019, Hanover executed Bond number BL61850326. (4/5/2021 Letter, Ex. 5, SOF, Dkt. No. 14-1.) On February 16, 2020, the bond was canceled. (Answer ¶ 9.)

On January 13, 2021, the State of Illinois Department of Revenue noticed Hanover that Mid-West Oil had tax delinquencies arising from dates prior to the bond's February 16, 2020 cancellation. (*Id.* ¶ 18.) The Notice of Claim showed Mid-West Oil owed approximately $923,586.71 during the time the bond was issued. (*Id.* ¶¶ 18-20.) In response to the State of Illinois' Notice of Claim letter, Hanover demanded to be indemnified by Mid-West Oil or the signatories to the Agreement by February 11, 2021. (*Id.* ¶¶ 21-22.) On April 5, 2021, determining that Mid-West Oil would not be indemnifying Hanover in time to satisfy the State of Illinois, Hanover paid the State the penal sum. (4/5/2021 Letter.) Mid-West's failure to provide indemnification is the subject of this order.

On February 17, 2021, Hanover filed a three-count Complaint: (1) Breach of Contract, (2) Exoneration, and (3) Specific Performance. (Dkt. No. 1.) Defendants answered the Complaint on April 26, 2021. (Dkt. No. 12.) On May 6, 2021, Hanover filed this Motion for Summary Judgment. (Dkt. No. 13.) In its filings, Hanover noted that, after the Complaint was filed, Hanover paid the penal sum of $494,200 and thus it is no longer pursing Count II,

Exoneration. (SOF ¶ 14 n.1.) Defendants did not respond to the Motion for Summary Judgment or the Court's briefing schedule minute order. In its reply briefing, Hanover urged this Court to adopt its Local Rule 56.1 statement of material facts and grant Hanover's Motion for Summary Judgment based on those facts. (Dkt. No. 18.)

## II. STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court uses substantive law to "identify which facts are material." *Anderson*, 477 U.S. 248. The Court then reviews whether the relevant facts create "a genuine issue for trial." *Id.* at 249. If not, the moving party is entitled to judgement as a matter of law. *Id.*

## III. DISCUSSION

Although Defendants filed an Answer with this Court, there was no response to Hanover's Motion for Summary Judgment and Hanover's Statement of Material Facts, nor were additional facts submitted. This violates local practice. Local Rule 56.1(b)(2)-(3) ("Each party opposing a summary judgment motion *shall* serve

- 4 -

and file—a supporting memorandum of law, . . . a response to the LR56.1(a)(2) statement of material facts . . . and, if the opposing party wishes to assert facts, . . . a statement of additional material facts.") (emphasis added). The Court has discretion to insist on strict compliance with the local rules. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). For that reason, "[w]hen a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Id.* The Court accepts Hanover's statement of material facts as true and determines whether any genuine dispute is still present or if Hanover is now entitled to summary judgment.

### A. Count I - Breach of Contract

Hanover's first count alleges a breach of contract. The elements of breach of contract under Illinois law are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012); *see also Pepper Const. Co. v. Palmolive Tower Condominiums, LLC*, 59 N.E.3d 41, 66 (Ill. App. Ct. 2016). Defendants admit in their Answer to the Complaint that they accepted the offer of the Agreement from Hanover and were the signatories to it. (Answer ¶ 17.) Further, Defendants admit that

they received a bond which allowed them to secure a fuel distributor license in return for their signature and agreement to indemnify Hanover. (Answer ¶ 7.) Defendants have not disputed any terms or conditions of the contract as indefinite or uncertain. Further, Hanover paid the full penal sum of the bond when Mid-West Oil defaulted on its tax obligation. (SOF ¶ 14.)

"Summary judgment on a breach of contract claim can be appropriate when the terms of the contract are clear and straightforward." *IP of A W. 86th St. 1, LLC v. Morgan Stanley Mortg. Cap. Holdings, LLC*, 686 F.3d 361, 367 (7th Cir. 2012) Hanover has satisfied its performance under the contract. Defendants admit in their answer that the contract requires them to indemnify or otherwise provide collateral, and that they have not indemnified or otherwise provided collateral to Hanover. (Answer ¶¶ 16–24.) The Court therefore finds that there is a breach of the contract and that Defendants owe Hanover the penal sum in damages.

### B. Count III - Specific Performance

The Court next reviews Count III, Specific Performance. The elements of specific performance are three-fold: "(1) the existence of a valid, binding, and enforceable contract; (2) compliance by the plaintiff with the terms of the contract, or proof that the plaintiff was ready, willing, and able to perform

the terms of the contract; and (3) the failure or refusal of the defendant to perform its part of the contract." *Lobo IV, LLC v. V Land Chicago Canal, LLC*, 138 N.E.3d 824, 846 (Ill. App. Ct. 2019).

Hanover submits the contract to the Court is valid and binding, and that Hanover performed on the contract and paid the penal sum. (SOF ¶ 14.) As of yet, Defendants have not indemnified Hanover or provided other collateral as security as set forth in the Agreement. (Answer ¶ 23 ("Defendants admit they have not indemnified, exonerated or held Hanover harmless yet as stated in Paragraph 23 of the Compliant."); ¶24 ("Defendants admit they have not yet posted collateral security under the [Agreement].")) As such, the Court holds that all of the elements have been met and Hanover is entitled to specific performance on the contract.

## IV. CONCLUSION

For the reasons stated herein, Hanover's Motion for Summary Judgment (Dkt. No. 18) is granted.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　United States District Court

Dated: 11/10/2021